UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20660-CIV-MOORE
  (98-821-CR-MOORE)
MAGISTRATE JUDGE P.A. WHITE

ANTONIO LUIS CURBELO,            :

      Movant,                    :

v.                               :         REPORT OF
                                           MAGISTRATE JUDGE
UNITED STATES OF AMERICA,        :

      Respondent.                :
_____

    Antonio Luis Curbelo filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed pursuant to a guilty plea in Case No.98-821-cr-Moore.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    For its consideration the Court reviewed the petitioner's motion to vacate (Cv-DE#1), the petitioner's memorandum of law (DE#11), the government's response to an order to show cause (Cv-DE#12), and the underlying criminal file. Curbelo's Judgment was affirmed by the Eleventh Circuit Court of Appeals, and the Mandate entered on January 23, 2008. *U.S. v Curbelo,* 259 Fed.Appx. 302 (CA 11 (Fla) 2007). This motion, filed on March 16, 2009, was timely filed. [1]

---

[1]Although the motion to vacate was filed pro-se, Attorney Michael Walsh, Esq. filed a notice of appearance on July 17, 2009, and a reply to the government's response, which was also considered in this case. (DE#21).

Curbelo raises the following claims:

> 1. He is actually innocent of Count 1 of the indictment, as no overt acts were committed in the United States, and therefore the Court lacked jurisdiction to convict him.
>
> 2. Counsel was ineffective for failing to argue his innocence based upon lack of jurisdiction when requesting to withdraw the guilty plea before sentencing.
>
> 3. Appellate Counsel was ineffective for failing to raise issues one and two on direct appeal.

Factual and Procedural History

On November 4, 1998, Curbelo and four co- defendants were charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) and 846 (Count 1) and conspiracy to import cocaine, in violation of 21 U.S.C. §§952(a) and 963 (Count 2).

On February 28, 2001, Curbelo entered into a written plea agreement to Count I. He waived the drug quantity issue and agreed that he was responsible for 30 kilograms of cocaine. He also waived defects in the indictment.[2]

A Pre sentence investigation report was prepared and Curbelo filed objections. (DE#89) On July 18, 2001, he moved to have his attorney withdraw. (DE#90).

---

[2] Although the movant appears to claim in his memorandum that his attorney should have collaterally attacked this waiver of Apprendi rights (*Apprendi v US*, 120 S.Ct. 2348 (2000), and counsel for this proceeding claims that the waiver was defective, the waiver was voluntarily signed by the movant, and presented to the Court at the plea colloquy. (See DE#s84,92 ). See: United States v Morgan, 386 F.3d 376 (2nd Cir. 2004)(*Apprendi* rights may be voluntarily waived)

On September 28, 2001, Curbelo, with new counsel, moved to withdraw his guilty plea, claiming that the plea was a result of promises made by his prior counsel, Oscar Rodriguez, and that counsel was ineffective (DE#103). The government opposed the motion and an evidentiary hearing was held before a Magistrate Judge. At the hearing counsel's testimony was a significantly different version of the events that led to Curbelo's surrender and guilty plea. A report was entered by the Magistrate Judge, crediting the testimony of Curbelo and discrediting the testimony of his counsel, and granting the motion to withdraw the plea. (DE#123). The District Court summarily rejected the Report and recommendation and denied the motion to withdraw the plea. (DE#127)

Curbello was sentenced to 168 months imprisonment. (Cr DE#140) He filed an appeal arguing abuse of discretion by the District Court. The Court of Appeals remanded the case for further proceedings. United States v Curbelo, 03-14906 (11 Cir. 10/4/04).

Upon remand the District Court held an evidentiary hearing on Curbelo's motion to withdraw his plea. (DE#243). Testimony was given by Curbelo, Maria Amundaray, Curbelo's Venezuelan counsel, and his prior counsel, Rodriguez. The District Court entered an Order following the hearing, again denying Curbelo's motion to withdraw his plea. (DE#241). A motion for reconsideration was denied. Curbelo's amended sentence resulted in a reduced sentence of 120 months, based upon a minor role reduction. (CR DE#s 142,259).

The facts of this case are as follows:[3] A Cooperative Source (CS), working with the Drug Enforcement Administration (DEA)

---

[3] The facts in this case were gleaned from multiple sources including the appellate decision, the PSI and hearings before the Magistrate Judge and District Judge.

engaged in negotiations with Jorge Francisco and Curbelo to deliver 30 kilograms of cocaine in Venezuela for transportation to Miami, Florida. In October or 1998, the CS met with Francisco to discuss the delivery of cocaine in Venezuela. This meeting was recorded by the DEA. During the meeting Francisco told the CS that Curbelo would travel to Venezuela to secure delivery of the cocaine.

Curbelo met with the CS in a parking lot in Miami, and informed him that he would be leaving Miami to stay with a friend supplying the cocaine in Venezuela, and showed the CS the airline ticket. The meeting was recorded by DEA.

Multiple recorded telephone conversations took place from Venezuela, between Curbelo and the CS, confirming the details of the cocaine delivery. Curbelo met with a second CS in Venezuela who accepted delivery of the cocaine. The cocaine was then flown from Venezuela to Ft Lauderdale and impounded. Curbelo called the CS to inquire if the cocaine had arrived in Miami. On October 29, 2008, the CS met with co-defendants Francisco and Ricardo Leon in Miami. After Leon provided the transportation money and accepted the cocaine, both defendants were arrested.

In late October, Curbelo and a co-conspirator were arrested on local charges and incarcerated by Venezuelan Police Officers. While incarcerated, he was interviewed by DEA Markey. Curbelo admitted he had traveled to Venezuela to delivery 30 kilograms of cocaine, in anticipation of further, larger deliveries. He told Agent Markey that he was arranging for the delivery of cocaine to Miami through a person he had met through his father.

Curbelo's claims of innocence based upon lack of jurisdiction, and ineffective assistance of counsel are belied by the record.

Analysis and Law

For Curbelo to succeed on a claim of ineffective assistance of counsel, he must demonstrate that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result would have been different, in other words that the petitioner was prejudiced as a result of counsel's performance. Strickland v Washington, 466 U.S.668 668, 694 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Claims 1, 2 and 3

In the petitioner's first claim he alleges that he is innocent of the charges in Count I of the indictment because no overt acts were committed in the United States, and the Court was therefore without jurisdiction to accept his guilty plea, relying on *U.S. v Lopez-Vanegas,* 493 F.3d 1305 (11 Cir. 2007). He argues in Claim 2,

5

that counsel was ineffective for failing to argue this issue when requesting to withdraw his guilty plea at sentencing. In claim three he argues that appellate counsel was ineffective for failing to argue this issue on appeal.

Lopez-Vanegas is unavailing to the petitioner for several reasons. In the first instance, this decision was upon completion of the petitioner's appeal.[4] Counsel cannot be considered ineffective for failing to anticipate a change of law. <u>U.S. v Ardley</u>, 273 F.3d 991, 993 (11 Cir. 2001), citing to <u>Spaziano v Singletary</u>, 36 F.3d 1028 (11 Cir. 1994)

Secondly, Curbelo's reliance on Lopez-Vanegas is misplaced. The Court held in Lopez-Vanegas that the provisions of 21 U.S.C. §§841(a)(1) and 846 did not apply extraterritorially to discussions occurring within the United States related to possession of controlled substances *outside* the United States with the intent to distribute *outside* the United States. *Lopez-Vanegas* at 1313. The object of the conspiracy, the possession and distribution of cocaine on foreign soil was found not to be a violation of 21 U.S.C. §841(a)(1)

In this case, although some of Curbelo's actions took place outside of the United States, the ultimate intent of the conspiracy charged in the indictment to which Curbelo pleaded guilty was to possess cocaine with intent to distribute within the Southern District of Florida. Co-defendants Francisco and Leon, pursuant to negotiations in which Curbelo had participated, provided transportation money and accepted the cocaine inside the United

---

[4] The decision in *Lopez-Vanega*, supra. was reached subsequent to the movant's initial appeal and subsequent to the filing of both the appellate brief and reply in the movant's second appeal.

States. Further, Curbelo admitted to Agent Markey upon his arrest that his participation in the conspiracy began in the United States, and the intent was to distribute cocaine in the United States. Counsel cannot be considered ineffective for failing to argue a meritless claim. <u>Matire v Wainwright</u>, <u>supra</u>.

Curbelo claims in his memorandum of law that he was acquitted of the charges in Venezuela, and he is actually innocent of the charges in the United States. (Memo pg 12).

If this as an attempt to claim innocence on a basis other than lack of jurisdiction, which has been found to be without merit, this claim too must fail. Curbello pleaded guilty to the charges in the United States both knowingly and voluntarily. He admitted his guilt both at the plea colloquy (DE#92) and the sentencing hearing. Curbelo provided a statement of acceptance of responsibility to the U.S. Probation Officer in preparation of his Pre-Sentence Investigation Report. The pertinent portion reads as follows:

> I am sorry that I ever got involved in this crime and I assure you that I will never be involved in anything like this again. I got involved in this conspiracy because I needed the money, so I agreed to go to Venezuela in an effort to overlook the transportation of the contraband into the United States. (¶26 PSI)

Curbelo's attempt to withdraw his guilty plea as involuntary was denied by the District Court, following an evidentiary hearing upon remand from the Eleventh Circuit. Curbelo again appealed the denial to the Eleventh Circuit. The Court determined that the requirements of Rule 11 were satisfied, and stated

> "The representations of the defendant ... at a plea proceeding as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings", and any solemn declarations in open court carry a strong presumption of verity."

Curbello had testified that he had read the plea agreement, and understood its terms. The Appellate Court found his plea voluntary and affirmed the Judgement of the District Court. *U.S. v Curbelo,* 259 Fed. Appx. 302 (CA 11 (Fla) 2007).

### Conclusion

Curbello, in his own admissions to Agent Markey, in open court and his statement of acceptance of responsibility in the PSI, admitted to his part in a conspiracy to transport drugs within the United States, thereby providing the District Court with the jurisdiction to accept his guilty plea. His claim of innocence, premised upon a lack of jurisdiction is contradicted by the record, and is without merit.

The petitioner has failed to demonstrate ineffective assistance of trial or appellate counsel. <u>Strickland v Washington</u>, 466 U.S.668 668, 694 (1984).

It is therefore recommended that this motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

8

Dated this 24th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Antonio Curbelo
      Reg# 66959-004
      Address of record

      Michael Dennis Walsh, Esq.
      46 NE 6th St
      Miami, FL
      Attorney for Antonio Curbelo

      Adam S Fels, AUSA
      Office of US Attorney
      Miami Office
      Address of Record